LOTTINGER, Judge.
This is an action wherein the plaintiff, acting individually and on behalf of his *105 minor son, seeks to recover damages arising out of an automobile accident which occurred about 2:20 a. m. on February 3, 1957 on U. S. Highway No. 51 just north of the town of Tickfaw, Louisiana. Joined as defendants are one Lucy Prine, Hillary Stafford, and the latter’s liability insurer, Mill Owners Mutual Insurance Company.
The petition alleges that plaintiff’s minor son, Frank J. Patanella, was driving north on the aforesaid highway and struck a vehicle which had been driven by either Stafford or Prine from a gravel road to the west in an easterly direction across the highway with no lights on in such a manner as to block both lanes of travel. Negligence is charged against Stafford and Prine, in addition to the foregoing, in operating the vehicle while under the influence of alcohol and in failing to keep a proper lookout.
No appearance was made by Lucy Prine. The other defendants first'filed exceptions of no right or cause of action and vagueness following which the petition was amended so as to more particularly describe the accident and, in addition, to show plaintiff’s marital status and that his son resided with him and his wife. We fail to find in the record where an answer was filed on behalf of the defendant insured and his insurer.
The case was tried in the Lower Court on January 12, 1959, and, on June 19, 1959 judgment was signed awarding the plaintiff the sum of $2,592. The trial judge’s reasons for judgment set forth that of this amount, $1,500 was awarded for physical injuries and disability, $750 for property damage to the automobile (which stood in the name of plaintiff’s son) and $342 for the medical bill. A motion has been filed before us by both the plaintiff and his son setting forth that the latter became emancipated during the pendency of the suit by-his marriage on January 21, 1958, and praying that the judgment in the amount of $342 for medical expenses in favor of the father be allowed to stand but that the emancipated minor be substituted as .a party for judgment in the amount of $1,500 and $750 or a total of $2,250.
It may be observed at the outset that as no appearance was made by Lucy Prine and as the plaintiff has failed to take any further action against her that she has passed out of the picture.
The record indicates that, as alleged in the petition, the accident occurred on U. S. Highway No. 51 about 2:30 a. m. on the morning of February 3, 1957. The highway at this point runs north and south and the plaintiff’s son was proceeding in a northerly direction. At the scene of the accident a local road connects with the highway on the west forming a “T” intersection. Stafford, just before the accident, was on the local road and the accident occurred as, or just after, he proceeded onto the main highway. The weather was very foggy.
State Trooper Eddie Meyers testified that he arrived at the scene about twenty minutes after the accident had occurred. He did not remember finding any skid-marks. Both vehicles were demolished and lying about 100 feet north of the junction with the Patanella car on the west side of the highway and the Stafford car on the east side. He did not remember whether he spoke with Stafford; however, he did speak with Patanella and remembered that he did not notice any alcohol on his breath.
Frank J. Patanella testified that on the evening of the accident he had been visiting with his girl friend and her father and mother and had had no alcoholic beverages to drink. His version of the accident was that he came upon the Stafford vehicle which was parked in an easterly direction in his lane with no lights on and that, upon seeing him, while he applied his brakes and tried to dodge him, it was too slippery and he collided with him. He estimated his speed before the accident at between 40 and 55 miles per hour.
On cross examination he stated that an approaching vehicle with good lights could. *106 be seen a quarter of a mile away and if the head lights of another car weren’t shining directly toward him, it could not be seen until he was almost upon it. He admitted that he might have been going 50 miles per hour but stated he was definitely not going over 55 miles per hour.
On redirect examination he repeated that the Stafford car had no lights and was stopped in his lane facing east. He stated again that he applied his brakes, which didn’t hold and that he skidded some 15 to 30 feet.
George Guzzardo, father-in-law of Frank Patanella at the time of the trial, testified that the latter visited his daughter that night and was not drinking.
Frank Corrente, Jr., ambulance driver who picked up Lucy Prine and Stafford, did not see young Patanella. When asked if Stafford had been drinking he said that he could not swear whether he had or had not.
Morris Bergeron testified that he left Mike Martello’s place in Independence about 7 p. m. and that Lucy Prine was there drinking at the time with three or four men. He did not, however, know if Stafford was among them.
Jake Schiro testified that he was in the same establishment from about 8:30 until midnight and that Lucy Prine, Stafford and others were there drinking whiskey during that time.
The defendant Hillary Stafford testified that he left his home near Holden about 8:30 or 9 :00 o’clock on the night of February 2, 1957, and went to visit his sister-in-law in Pontchatoula. He had nothing to drink there, left about midnight and stopped at St. Germain’s bar on the Madison-ville road. He stated that he had nothing to drink at St. Germain’s and, after staying there an hour or so, left with Lucy Prine who had asked him to take her home. They stopped at a cafe in Pontchatoula where he had a sandwich and a cup of coffee. They then left and headed north-on U. S. Highway No. 51. He testified that, just before reaching the “T” intersection where the accident occurred he decided, because of the fog, it would be better to turn around, retrace his route and take a back road to reach his destination. Accordingly, he turned left, went down the side road a short distance, turned around and came back to the main highway preparatory to turning to his right or south. He stated that his lights were burning, that he stopped, looked, and seeing nothing coming, turned onto the highway. As he did so, he saw what he termed “a bunch of lights” which were “right on” him and he was struck by the Patanella car. When asked what part of his car was struck he replied “most of it was hit right in the side and looked like it was peeled plumb back to the back.” He denied having crossed the center line, reiterated that his lights were on all the while, and stated that he was moving slowly in first gear when he was struck. Lucy Prine had fallen asleep some time before and was asleep when the accident occurred. He denied knowing Jake Schiro and having been in Independence at Martello’s bar on the night of the accident. He did not remember having been taken to the hospital. When asked whether he had seen a large truck at the time of the accident he said he did not remember one, but that there seemed to be more lights than on an ordinary car.
On cross examination this witness said he had quit drinking shortly before Christmas of 1956 and had nothing to drink since. On redirect examination he stated that he was hit in the southbound lane and that Patanella could have been passing another vehicle at the time.
The production of the testimony of Lucy Prine was waived as the result of Stafford’s testimony to the effect that she had been asleep. The case was held open for the taking of the deposition of one Rubel E. Guess. This was done, at the instance of defendants, in Memphis, Tennessee, and deposition was duly introduced into the record. This witness testified that just before *107 the accident he was driving a truck and trailer for Frigidways in a northerly direction on U. S. Highway No. 51. He estimated his speed at between 45 and 50 miles per hour and visibility at between 100 to 150 feet. It was foggy, but he had his lights on and could see without difficulty. He was accompanied by a helper who was asleep in the cab. When he was about 100 or 125 feet from the “T” intersection, a vehicle approached from the west, entered onto the south lane of the highway and was proceeding south in its lane about 20 to 25 miles per hour when it was struck by a vehicle which suddenly passed the witness’s truck “at a pretty good rate of speed.” He stated that the accident occurred 25 or 30 feet in front of him and identified Stafford as the driver of the southbound vehicle and Patanella as the driver of the northbound vehicle. His truck did not come in contact with either vehicle and he stopped further on up the road and came back to render assistance. He stated that he smelled alcohol on Pata-nella’s breath and that he “appeared to be mighty drunk.” He stated further that he gave his name and address to the investigating officer.
On cross-examination he testified that his helper remained asleep during the accident and afterward. He stated that Stafford ■was conscious and did not smell of alcohol.
With the hopelessly conflicting testimony before her, the trial judge decided in favor of the plaintiff stating, in her reasons for judgment, that she judged the veracity of the various witnesses not only by the reasonableness of their testimony but by their appearance and conduct as well. She likewise used as a basis the physical facts as found. We have carefully examined the record and have failed to find manifest error in the conclusions reached.
Counsel for defendants argues that Patanella, by admitting to a speed of 50 miles per hour under the weather conditions prevailing, has convicted himself of contributory negligence. This defense, however, is an affirmative one which must be specially pleaded. This was not done and the plea cannot be supplied by us. Be that as it may however, after considering the record as a whole, we are of the opinion that the plaintiff in this case is not guilty of contributory negligence.
It would serve no reason to discuss the matter of quantum for it is not seriously contested and the amounts awarded were quite reasonable and fully supported by the evidence.
Finding no manifest error in the judgment appealed from it will be affirmed insofar as it awards to Joe Patanella the sum of $342 and is amended so as to award to Frank Patanella the sum of $2,250.
Judgment amended and affirmed.